IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF JANICKI, )<br>)<br>           Plaintiff, )<br>)<br>   vs. )<br>)<br>REDLINE RECOVERY SERVICES, LLC, )<br>)<br>           Defendant. ) | FILED: OCTOBER 7, 2008<br>08CV5707<br>JUDGE LEINENWEBER<br>MAGISTRATE JUDGE VALDEZ<br><br>TC |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Jeff Janicki brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Redline Recovery Services, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does business within this District.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois.

7. Defendant Redline Recovery Services, LLC is a limited liability company chartered under Georgia law with offices at 1145 Sanctuary Pkwy., Ste. 350, Alpharetta, GA 30009-4756 and 2350 N. Forest Rd., Ste. 31B, Getzville, NY 14068-1398. It does business in Illinois. Its registered agent and office in Illinois are LexisNexis Document Solutions, 801 Adlai Stevenson Dr., Springfield, IL 62703-4261.

8. Defendant is engaged in the business of a collection agency, collecting consumer debts originally owed to others.

9. Defendant uses the mails and telephones in connection with its business.

10. Defendant is a licensee under the Illinois Collection Agency Act.

## FACTS

11. Defendant has been attempting to collect from plaintiff a credit card debt incurred for personal, family or household purposes and not for business purposes.

12. Defendant's location is known to plaintiff and plaintiff has been in communication with defendant regarding the debt.

13. Notwithstanding this, defendant has repeatedly contacted plaintiff's parents regarding the debt.

14. Plaintiff has requested that defendant cease such communications.

15. The communications have continued.

16. Defendant has placed such calls to plaintiff's parents on September 10, 2008, September 13, 2008, September 15, 2008, September 17, 2008, September 19, 2008, and September 24, 2008.

17. As a result plaintiff has been damaged, in that he has been embarrassed, humiliated and aggravated.

### COUNT I – FDCPA

18. Plaintiff incorporates paragraphs 1-17.

19. Defendant thereby violated 15 U.S.C. §1692c.

20. Section 1692c provides:

> **§ 1692c.   Communication in connection with debt collection [Section 805 of P.L.]**
>
> **. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1)  Statutory damages;

    (2)  Attorney's fees, litigation expenses and costs of suit;

    (3)  Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

21. Plaintiff incorporates paragraphs 1-17.

22. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

23. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (15) Communicating with the debtor or any member of the debtor's family at such a time of day or night and with such frequency as to constitute harassment of the debtor or any member of the debtor's family. For purposes of this Section the following conduct shall constitute harassment:**
>
>> **(A) Communicating with the debtor or any member of his or her family in connection with the collection of any debt without the prior consent of the debtor given directly to the debt collector, or the express permission of a court of competent jurisdiction . . . .**

24.     Defendant violated the following provisions of 225 ILCS 425/9.2:

> **225 ILCS 425/9.2.  (Effective January 1, 2008) Communication in connection with debt collection**
>
> **. . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

25.     A private right of action exists for violation of the ICAA.  <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a.     Compensatory and punitive damages;

    b.     Costs.

    c.     Such other and further relief as is appropriate.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                                    s/ Daniel A. Edelman
                                                    Daniel A. Edelman

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21950\Pleading\Complaint_Pleading.WPD